UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOMMY PELLEGRIN, SR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. _____ |
| | * | |
| | * | SECTION "_____" |
| HIGHLAND MARINE, LLC AND | * | |
| CHRIS N. DEJEAN | * | |
| | * | JUDGE: |
| | * | MAG: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff complains of Defendants HIGHLAND MARINE, LLC and CHRIS N. DEJEAN and will respectfully show the Court that:

### I.
### Jurisdiction and Venue

1. This action is within the jurisdiction of this Court because it is governed by the general maritime law of the United States, pursuant to 28 U.S.C. § 1333.

2. Venue is proper in this district because Defendants are subject to personal jurisdiction here and there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391.

1

## II.
## Parties

3. Plaintiff is a Louisiana resident.

4. Defendant HIGHLAND MARINE, LLC is a Louisiana towing and tugboat company domiciled in Metairie, Louisiana. It may be served through its registered agent, Richard D. Chavis, 6620 Riverside Dr., Suite 100, Metairie, LA 70003.

5. Defendant Chris N. Dejean is a Louisiana resident and may be personally served at 7580 Grand Caillou Rd., Dulac, LA 70353.

## III.
## Nature of the Action

6. On or about October 17, 2015, Plaintiff was employed by Defendant Chris N. DeJean as a Jones Act seaman, working as a captain aboard the shrimp boat F/V Chris & Logan. While navigating the vessel on the date in question, Plaintiff was hit by tug boat M/V Frank L., a vessel owned and/or operated by Defendant Highland Marine, LLC. Plaintiff suffered bodily damage as a result of the collision. Upon information and belief, a deckhand or engineer was driving the tug boat at the time of the collision while the tug boat's regular captain slept.

7. Immediately subsequent to the collision, Plaintiff notified his employer, Defendant Chris N. DeJean, of the accident and completed an accident report with the U.S. Coast Guard. Despite knowing of the accident and the resulting bodily injuries to Plaintiff, Defendant Chris N. DeJean has failed to provide maintenance and cure to Plaintiff.

8. As a result of Defendant Highland Marine, LLC's negligence, Plaintiff sustained injuries to back, neck, shoulders, and other parts of his body. Defendant Highland

Marine, LLC, through its employees and agents, was negligent in one of more of the following particulars:

    a.    negligent supervision of vessel crew;

    b.    negligently failing to train the vessel crew;

    c.    negligent operation of the vessel; and

    d.    other acts deemed negligent.

9.    Despite Plaintiff's severe and extensive injuries, Defendant Chris N. DeJean has failed to provide Plaintiff maintenance and cure. As a maritime employee, Plaintiff is entitled to maintenance and cure benefits due to his injuries suffered on the job. Thus, Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order that Defendants begin paying adequate maintenance and cure benefits from this day forward. Moreover, Plaintiff alleges that Defendant's failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Plaintiff seeks punitive damages and attorney's fees against Defendant Chris N. DeJean.

10.    As a result of this occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. In a reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

11.    Plaintiff respectfully requests a trial by jury.

## IV.
## Prayer

For these reasons Plaintiff asks that Defendants be cited to appear, answer, and that Plaintiff have judgment against Defendants for the following:

    a.    Actual damages;

    b.    Exemplary damages as allowed by law;

    c.    Pre-judgment and post-judgment interest as allowed by law;

    d.    Costs of suit;

    e.    Attorneys' Fees; and

    f.    All other relief, in law and equity, to which Plaintiff may be entitled

Respectfully submitted,

**PIERCE SKRABANEK BRUERA, PLLC**

*/s/ M. Paul Skrabanek*

_____
M. PAUL SKRABANEK
Bar Roll No. 34980
Michael E. Pierce (*To be admitted Pro Hac Vice*)
Texas State Bar No. 24039117
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@psbfirm.com
        Michael@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**