283-20089                                                      1177041

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY PELLEGRIN, SR.**<br>    **Plaintiff,** | **CIVIL ACTION NO: 2:16-cv-01581** |
| **VERSUS** | **DISTRICT JUDGE**<br>**HON. SUSIE MORGAN** |
| **BOPCO, L.P.,**<br>**HIGHLAND MARINE, LLC AND**<br>**CHRIS N. DEJEAN**<br>    **Defendants,** | **MAGISTRATE JUDGE**<br>**HON. SALLY SHUSHAN** |

## HIGHLAND MARINE, LLC'S
## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes defendant, Highland Marine, LLC ("Highland Marine" or "defendant") and responds to the Original Complaint filed by Tommy Pellegrin, Sr. ("plaintiff"), as follows:

### FIRST DEFENSE

The Original Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

The Original Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

### THIRD DEFENSE

Defendant pleads that there has been insufficient process or insufficient service of process.

**FOURTH DEFENSE**

And now, without waiving any of the foregoing defenses, Highland Marine, LLC ("defendant") responds to the allegations of plaintiff's Original Complaint categorically and by paragraph as follows:

1.

The allegations of Paragraph 1 contain conclusions of law and require no response. To the extent that responses are deemed necessary, the allegations in Paragraph 1 are denied.

2.

The allegations of Paragraph 2 contain conclusions of law and require no response. To the extent that responses are deemed necessary, the allegations in Paragraph 2 are denied.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

It is admitted that Highland Marine, LLC is a Louisiana limited liability company. The remaining allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 do not pertain to this defendant and require no response. To the extent that a response is deemed necessary, the allegations in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 are admitted to the extent that on or about October 17, 2015, Highland Marine, LLC was the owner and operator of the M/V FRANK L. Except as specifically admitted, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8, sub-sections (a) through (d) contain conclusions of law and require no response. To the extent that responses are deemed necessary, the allegations in Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are not factual in nature and require no response. The extent a response is deemed necessary, the allegations contained in Paragraph 11 are denied.

**FIFTH DEFENSE**

And now, further answering, defendant denies the allegations of any un-numbered or mis-numbered paragraphs and any allegations contained in the plaintiff's Original Complaint which have not been addressed, as well as those allegations contained in the prayer for relief.

**SIXTH DEFENSE**

Plaintiff has purposefully misrepresented the injuries allegedly sustained and the extent thereof. Accordingly, as to all causes of action alleged in plaintiff's Original Complaint, defendant alleges that plaintiff is barred from any relief based on fraud.

**SEVENTH DEFENSE**

In the alternative, plaintiff's illnesses or injuries, if any, resulted from his own sole fault, and negligence and/or inattention to duty or from the fault, negligence, and/or inattention of others for whom defendant is not responsible.

**EIGHTH DEFENSE**

Also in the alternative, defendant pleads the contributory negligence of plaintiff and/or his employer in bar or in mitigation of recovery.

**NINETH DEFENSE**

Further in the alternative, defendant avers that plaintiff's injuries, if any, resulted from a condition that was open and obvious to the plaintiff and/or to his supervisors.

**TENTH DEFENSE**

Defendant further avers that if plaintiff sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation, which were voluntarily assumed by the plaintiff and for which defendant is in no way responsible.

**ELEVENTH DEFENSE**

If the plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of plaintiff or others for whom defendant is in no way responsible. Specifically, defendant alleges and avers that plaintiff, plaintiff's employer, plaintiff's supervisors, or others for whom defendant was in no way responsible, were negligent, or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;

2. Failure to see what he should have seen under the prevailing circumstance;

3. Failure to exercise reasonable care;

4. Failure to take proper precaution to avoid the alleged accident;

5. Failure to utilize safety measures available and/or instructions to prevent the accident; and

6. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

**TWELFTH DEFENSE**

Without waiving the above and foregoing, and in further answering if same be necessary, defendant avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by defendant, thus barring or mitigating any recovery by plaintiff herein.

**THIRTEENTH DEFENSE**

Further answering the plaintiff's Original Complaint, and as a separate and distinct defense, defendant alleges that if plaintiff has sustained any injury or illness, which is specifically denied, such injury or illness existed before the time of his alleged accident and injuries, and that he knew

or should have known he was bodily and physically unfit and unable for the duties to which he undertook to perform, all of which were not made known to defendant or to plaintiff's employer and for which defendant is not responsible.

### FOURTEENTH DEFENSE

Defendant would show that if plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which defendant had no control or authority.

### FIFTEENTH DEFENSE

Defendant pleads that any negligence for which defendant is allegedly responsible was in no way connected with the injuries for which plaintiff seeks recovery.

### SIXTEENTH DEFENSE

Defendant alleges that the plaintiff has failed to mitigate his damages and his recovery is thus herein defeated or mitigated.

### SEVENTEENTH DEFENSE

While denying any liability to plaintiff whatsoever, defendant further avers that the injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendant , which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

**EIGHTEENTH DEFENSE**

Defendant avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendant or any other person, party, or entity for which defendant would be responsible, were not responsible.

**NINETEENTH DEFENSE**

In the further alternative, defendant specifically alleges and avers that any damages allegedly sustained by the plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond Answering defendant's control or the responsibility of this defendant and were not proximately caused by any acts or omissions on the part of this defendant or any other person, party or entity for whom it would be responsible.

**TWENTIETH DEFENSE**

In the alternative, defendant avers that any and all injuries allegedly sustained by plaintiff, and any other potential claimants, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendant's interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of ship owners, and in particular, the ship owners limitation of liability, 46 U.S.C. § 30501, *et seq*.

**TWENTY-FIRST DEFENSE**

Defendant reserves the right to supplement, amend, or modify its affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

**WHEREFORE,** the premises considered, defendant, Highland Marine, LLC, prays that this, its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, Highland Marine, LLC, and against plaintiff, Tommy Pellegrin, Sr., dismissing the Original Complaint at plaintiff's costs, and that defendant, Highland Marine, LLC, be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri T.A. (#21036)
Rowen A. Fricker (#33135)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Rowen.Fricker@pbgglaw.com
ATTORNEYS FOR HIGHLAND MARINE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*